UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BRETT M. BOUCHARD,

                Plaintiff,

      -against-                                    5:15-cv-0865 (LEK/ATB)

LA PARMIGIANA S.R.L.,
MACCHINE E IMPIANTI PER LA
PASTA,

                Defendant.

## MEMORANDUM-DECISION and ORDER

**I.    INTRODUCTION**

On April 3, 2015, Plaintiff Brett M. Bouchard ("Plaintiff") commenced this action in New York Supreme Court, County of Oswego, asserting tort claims against Defendant La Parmigiana S.R.L., Macchine e Impianti Per La Pasta ("Defendant"). Dkt. No. 1-1 ("Complaint"). On July 16, 2015, Defendant removed the action pursuant to 28 U.S.C. § 1441(b) on the basis of diversity of citizenship. Dkt. No. 1 ("Notice of Removal"). Presently before the Court is Defendant's Motion to dismiss Plaintiff's Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Dkt. Nos. 12 ("Motion"); 12-2 ("Memorandum"). For the following reasons, Defendant's Motion is granted and Plaintiff's action is dismissed.

**II.    BACKGROUND**[1]

---

[1] Because this matter is before the Court on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), the allegations of the Complaint are accepted as true. See Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala, 989 F.2d 572, 580 (2d Cir. 1993) ("The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor." (quoting Taylor v. Phelan, 912 F.2d 429, 431 (10th Cir. 1990) (per curiam))).

Plaintiff is a resident of Massena, New York. Compl. ¶ 1. Defendant is an Italian corporation with a principal place of business located at Via La Blonda 33, Fidenza, Province of Parma. Id. ¶ 2. Defendant manufactures a wide range of pasta production machines. Dkt. No. 12-1 ("Giordani Declaration") ¶ 3.[2] Plaintiff alleges that Defendant "conduct[s] business in the United States of America, and specifically in New York State." Compl. ¶ 2.

Plaintiff was employed at Viloli's Restaurant, located in Massena. Id. ¶ 5. On April 24, 2014, Plaintiff was working on a D65 DV pasta making machine when the machine caught his right hand and caused his arm to be amputated from the elbow. Id. Defendant designs, markets, and manufactures the D65 DV pasta making machine. Id. ¶ 3. Plaintiff alleges that Defendant caused the D65 DV pasta making machine, which was purchased by Violi's Restaurant, to enter the stream of commerce. Id. ¶ 4.

Defendant owns no property in New York and has never maintained an office, warehouse, or place of business there. Giordani Decl. ¶¶ 5, 42. Defendant maintains no bank accounts in New York, does not have and has never had a mailing address or telephone listing in New York, and does not have a registered agent for service of process in New York. Id. ¶¶ 7, 8, 41. Defendant designs and manufactures all of its products in Italy and has sixteen employees, all of whom work in Italy. Id. ¶¶ 10, 15. Defendant has never sent any of its employees to New York to service or repair pasta production machines. Id. ¶ 11. Defendant does not advertise or market its products in New York. Id. ¶ 22. Defendant employed an individual named Paolo Piccinetti ("Piccinetti"), who attended a trade show in New York in 2012. Id. ¶¶ 25, 27. The parties dispute whether Piccinetti was an

---

[2] Defendant submitted the Declaration of Dina Giordani ("Giordani") in support of its Motion. Giordani Decl. Giordani is the Chief Executive Officer of Defendant. Id. ¶ 1.

2

employee or independent contractor of Defendant.  Id. ¶ 25; Dkt. No. 18 ("Response") at 3.

Defendant stopped manufacturing the D65 DV pasta making machine in 1996.  Giordani Decl. ¶ 16.  From 1990-1996, Defendant sold six D56 DV pasta making machines to businesses located in the United States.  Id. ¶ 19.  Five of the six machines were sold to retailers, including four to a California based retailer, A.B.C. (Coffee), and one to Florida based retailer, Italtech Pasta Technology.  Id. ¶ 20.  The remaining machine was sold to a pasta manufacturer in Miami, Florida, named Napoli Pasta Manufacturers, Inc.  Id. ¶ 21.  The parties dispute whether the retailers were in fact retailers or were distributors of Defendant.  Resp. at 3-4.

Of the 892 pasta making machines Defendant sold worldwide from 2010-2015, nine were sold to businesses located in the United States.  Giordani Decl. ¶ 30.  One machine was sold to a business located in New York.  Id. ¶ 31.  From 2010-2015, Defendant has sold €1,694,567.24 in spare component parts worldwide, of which €32,984.30 were sold to businesses located in the United States.  Id. ¶ 36.  Since 2010, Defendant has sold €4,664.57 in spare component parts to businesses located in New York, or 0.3% of Defendant's overall spare component parts sales.  Id. ¶ 37.  Defendant's gross sales worldwide since 2010 totaled €15,387,529.80, of which €12,240.07, or 0.08%, were to businesses located in New York.  Id. ¶ 39.

Plaintiff asserts causes of action for products liability, breach of express and implied warranties, and strict liability.  Compl. ¶¶ 6, 12, 19.

## III.    LEGAL STANDARD

Where a party moves to dismiss an action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of showing that the court has jurisdiction over the defendant.  Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d

Cir. 1996). Where a court relies only upon the pleadings and supporting affidavits, a plaintiff need only make a prima facie showing of personal jurisdiction over a defendant. Grand River Enters. Six Nations, Ltd. v. Pryor, 425 F.3d 158, 165 (2d Cir. 2005); Cutco Indus., Inc. v. Naughton, 806 F.2d 361, 364 (2d Cir. 1986).

"A prima facie showing of jurisdiction 'does not mean that plaintiff must show only some evidence that defendant is subject to jurisdiction; it means that plaintiff must plead facts which, if true, are sufficient in themselves to establish jurisdiction.'" Tamam v. Fransabank Sal, 677 F. Supp. 2d 720, 725 (S.D.N.Y. 2010) (citation omitted). Pleadings that assert only "conclusory non-fact-specific jurisdictional allegations" or state a "legal conclusion couched as a factual allegation" do not meet this burden. Jazini v. Nissan Motor Co., 148 F.3d 181, 185 (2d Cir. 1998). While a court should assume the truth of all well-pleaded factual allegations that support a finding of personal jurisdiction, Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990), it should "not draw 'argumentative inferences' in the plaintiff's favor," Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994) (quoting Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992)).

## IV. DISCUSSION

In determining whether the Court may exercise personal jurisdiction, the Court must engage in a two-part inquiry. "First, it must determine whether the plaintiff has shown that the defendant is amenable to service of process under the forum state's laws; and second, it must assess whether the court's assertion of jurisdiction under these laws comports with the requirements of due process." Metro. Life, 84 F.3d at 567; see also Bensusan Rest. Corp. v. King, 126 F.3d 25, 27 (2d Cir. 1997). New York law provides two bases for personal jurisdiction: (1) New York Civil Practice Law and

Rules ("N.Y. C.P.L.R.") § 301, which authorizes general jurisdiction, and (2) N.Y. C.P.L.R. § 302(a), which authorizes long-arm jurisdiction.

Defendant argues that Plaintiff has failed to establish personal jurisdiction over it under either N.Y. C.P.L.R. § 301 or § 302(a), and furthermore, that subjecting it to personal jurisdiction in New York would be inconsistent with due process. Mem. at 4-5. Plaintiff concedes that he has not established a *prima facie* case of personal jurisdiction over Defendant under either § 301 or § 302(a)(1), but claims that § 302(a)(3)(i) provides a basis for personal jurisdiction over Defendant. See Resp. at 5-7.[3]

**A. Section 302(a)(3)(i)**

Section 302(a)(3)(i) of the N.Y. C.P.L.R. provides that "a court may exercise personal jurisdiction over any non-domiciliary . . . who . . . commits a tortious act without the state causing injury to person or property within the state . . . if he [1] regularly does or solicits business, or [2] engages in any persistent course of conduct, or [3] derives substantial revenue from goods used or consumed or services rendered, in the state." N.Y. C.P.L.R. § 302(a)(3)(i).

The parties do not dispute that Plaintiff has adequately alleged that Defendant committed a tort outside of New York that caused Plaintiff injury in New York. See Evans v. Planned Parenthood of Broome Cty, Inc., 352 N.Y.S.2d 257, 259 (App. Div. 1974) ("[T]he only . . . requirement is that the defendant was the author of the acts without the State and that the complaint

---

[3] Plaintiff additionally claims that Defendant's Motion is untimely because under Federal Rule of Civil Procedure 12, a motion to dismiss must be made within twenty-one days of being served with a summons and complaint. Resp. at 5. However, Defendant timely removed this action. See Notice of Removal. Under Federal Rule of Civil Procedure 81(c)(2), a defendant who did not present a defense prior to removal may do so within seven days after the notice of removal is filed. FED. R. CIV. P. 81(c)(2)(C). Defendant filed its Motion seven days after filing its Notice of Removal. See Notice of Removal; Mot.

adequately frames a cause of action in tort arising from those acts."). Plaintiff's allegations, however, fail to establish that Defendant (1) regularly does or solicits business in New York, (2) engages in a persistent course of conduct in New York, or (3) derives substantial revenue from New York.

The requirement that a non-domiciliary "regularly" does business in New York or engages in a "persistent course of conduct" in New York ensures that § 302(a)(3)(i) only extends jurisdiction to those "who have sufficient contacts with [New York] so that it is not unfair to require them to answer in [New York] for injuries they cause here by acts done elsewhere." Ingraham v. Carroll, 687 N.E.2d 1293, 1295 (N.Y. 1997) (quoting 12th Ann. N.Y. Jud. Conf. Rep. (1967)). Accordingly, § 302(a)(3)(i) "necessitates some ongoing activity *within New York State*." Id. Although the extent of contacts is less than required to obtain general jurisdiction under § 301, the contacts must be "more than the 'one shot' single business transaction described in [§ 302(a)(1)]." Id.; Murdock v. Arenson Int'l USA, Inc., 554 N.Y.S.2d 887, 888 (Sup. Ct. 1990) ("[T]o establish that a defendant 'does or solicits business' in New York, it must be shown that his 'overall contact with New York is substantial enough to make it reasonable to subject him to jurisdiction and feasible for him to defend here." (quoting Siegel, New York Practice § 88 (5th ed. 2011))).

The declaration of Defendant's CEO, Giordani, establishes that Defendant's contacts with New York are neither "regular" or "persistent." Defendant has no employees, property, office, bank accounts, or address in New York. Giordani Decl. ¶¶ 5, 7-8, 10, 41-42; see also Catalfamo v. Jacobsen Race Cars, Inc., 866 F. Supp. 79, 82 (N.D.N.Y. 1994) (finding no "regular" or "persistent" contacts where corporation "ha[d] no employees, officers, real estate, assets, or bank accounts in New York"). Although Defendant sells spare component parts in New York, those sales are

6

minimal, as will be discussed further below. See Giordani Decl. ¶ 38. Furthermore, in the past five years, Defendant has only sold a single pasta making machine in New York. Id. ¶ 31.

The other contacts identified by Plaintiff are also insufficient to establish "regular" or "persistent" contact with New York. Plaintiff asserts that Defendant's agent, Piccinetti, attended a trade show in New York in 2012. Resp. at 7. Even assuming that Piccinetti was, as Plaintiff asserts, an employee of Defendant, his one time attendance at a trade show does not establish "regular" or "persistent" conduct. See AVRA Surgical Robotics, Inc. v. Gombert, 41 F. Supp. 3d 350, 361 (S.D.N.Y. 2014). Plaintiff next asserts that Defendant's website is interactive and allows individuals in New York to purchase Defendant's products. Resp. at 7; Dkt. No. 18 ("O'Connell Affidavit")[4] ¶ 10 ("[Defendant's] website was interactive and allowed users to correspond directly with [Defendant] for purposes of ordering inventory."). Giordani states that Defendant's website does not allow visitors to place orders, although visitors are able "to request information or leave a comment." Dkt. No. 21-1 ("Giordani Reply Declaration") ¶¶ 14-15. Defendant does not provide online customer service. Id. ¶ 15. "[W]hether the exercise of personal jurisdiction is permissible is directly proportionate to the nature and quality of commercial activity that an entity conducts over the internet." Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549, 565 (S.D.N.Y. 2000). Courts have recognized that the mere ability to contact a defendant through a website is insufficient to give rise to jurisdiction over that defendant. See, e.g., A.W.L.I. Grp., Inc. v. Amber Freight Shipping Lines, 828 F. Supp. 2d 557, 569 (E.D.N.Y. 2011); Yanouskiy v. Eldorado Logistics Sys., Inc., 05CV2202, 2006 WL 3050871, at *3 (E.D.N.Y. Oct. 20, 2006). Finally, Plaintiff argues that

---

[4] Plaintiff filed an Affidavit and Exhibits in support of its Response at the same docket number as the Response. According to the pagination assigned by ECF, the O'Connell Affidavit begins at page fourteen.

Defendant had a "distributor" relationship with the two retailers to which it sold five D65 DV pasta making machines from 1990-1996. Resp. at 3-4. However, even assuming that these retailers—located in California and Florida—were "distributors" for Defendant, Plaintiff has not explained how this would warrant subjecting Defendant to jurisdiction in New York. See J. McIntyre Machinery, Ltd. v. Nicastro, 131 S. Ct. 2780, 2790 (2011) (stating that foreign corporation's relationship with U.S. distributor "may reveal an intent to serve the U.S. market, but [does] not show that [the defendant] purposefully availed itself of the [forum] market.").

The Court next considers whether Defendant's New York sales constitute "substantial revenue." Substantial revenue "should be construed to require comparison between a defendant's gross sales revenue from interstate or international business with total gross sales revenue." Allen v. Auto Specialties Mfg. Co., 357 N.Y.S.2d 547, 550 (Sup. Ct. 1974). Other courts have looked to the absolute amount of revenue generated from commerce in New York. Ronar, Inc. v. Wallace, 649 F. Supp. 310, 316-17 (S.D.N.Y. 1986); Allen v. Canadian Gen. Elec. Co., 410 N.Y.S.2d 707, 708-09 (Sup. Ct. 1978). "There is no specific dollar threshold at which revenue becomes 'substantial' for the purposes of [§ 302(a)(3)(ii)]." Light v. Taylor, No. 05 Civ. 5003, 2007 WL 274798, at *4 (S.D.N.Y. Jan. 29, 2007).

Viewed as either a percentage or an absolute amount, Defendant's New York revenue is not "substantial." From 2010-2015, Defendant's New York revenue was €12,240.07 or 0.08% of its total revenue. Courts have consistently found revenue that is less than 1% insubstantial. See, e.g., Murdock, 554 N.Y.S.2d at 889 (finding revenue of 0.05% insubstantial). Similarly, courts have found amounts comparable to Defendant's absolute revenue, €12,240.07, insubstantial. Compare Cortlandt Racquet Club, Inc. v. Oy Saunatec, Ltd., 978 F. Supp. 520, 528 (S.D.N.Y. 1997) (finding

8

revenue of $358,000 over five year period insubstantial), with Allen, 410 N.Y.S.2d at 709 (finding revenue of $8.79 million substantial).

Accordingly, the Court finds that Plaintiff has failed to establish a prima facie case of personal jurisdiction under N.Y. C.P.L.R. § 302(a)(3)(i).

### B. Jurisdictional Discovery

Having found that Plaintiff has failed to establish a prima facie case of personal jurisdiction over Defendant, the Court must consider whether Plaintiff should be allowed to conduct jurisdictional discovery. Plaintiff asserts that he has made a "sufficient start" towards establishing personal jurisdiction and therefore should be allowed to conduct jurisdictional discovery. Resp. at 6. "[D]istrict courts in this Circuit have ordered jurisdictional discovery where plaintiff made less than a prima facie showing but made a sufficient start toward establishing personal jurisdiction." Hollins v. U.S. Tennis Ass'n, 469 F. Supp. 2d 67, 70 (E.D.N.Y. 2006). "However, jurisdictional discovery is not permitted where . . . the defendant submits an affidavit that provides all necessary facts and answers all questions regarding jurisdiction." Ivoclar Vivadent, Inc. v. Ultident, Inc., No. 04-CV-0984, 2005 WL 1421805, at *5 (W.D.N.Y. June 15, 2005). Here, even resolving doubts in the parties' affidavits and declarations in Plaintiff's favor, see Hollins, 469 F. Supp. 2d at 73, Defendant's Declaration demonstrates that there is no basis for exercising personal jurisdiction over it in New York. Accordingly, Plaintiff's request for jurisdictional discovery is denied.

### V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion (Dkt. No. 12) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1-1) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      January 07, 2016
                Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge